```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

              Case No. 07-80378-Civ-DIMITROULEAS/SNOW
```

HEATH BLEECHER on behalf of
all others similarly situated,

        Plaintiff,

        v.

NIGHTINGALE NURSES, LLC.,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Plaintiff's Motion for Order of Sanctions against Nightingale Nurses A Florida L.L.C. and Allan H. Weitzman, Esq. Pursuant to this Court's Inherent Powers (Docket Entry 29), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.

### I. PROCEDURAL HISTORY

The complaint was filed May 1, 2007, by Heath Bleecher on behalf of all others similarly situated, alleging violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207, et seq., for failure to pay overtime wages. On May 9, 2007, plaintiff's counsel filed consent to join forms signed by Scott Span and Ginger Minkin. (DE 4 and 5)

Service of process was effected on May 8, 2007. (DE 10) On May 29, 2010, the defendant filed an unopposed motion for a twenty-day extension of time to respond to the complaint, stating that the parties were discussing resolution of the matter. (DE 11) The motion was granted. (DE 12) On June 14, 2007, plaintiffs'

counsel filed a consent to join form on behalf of Tyneshia Barnett. (DE 16). On June 22, 2010, a consent to join form was filed on behalf of Steve Limage. (DE 16)  A consent to join form was filed on behalf of Tara Ramsey on July 27, 2007. (DE 20)

The Court granted two additional unopposed motions for an extension of time to respond to the complaint in order to continue settlement talks. (DE 15 and 18)  The latter order set the deadline for a response to the complaint on July 13, 2007.  The answer to the complaint was filed July 23, 2007. (DE 19)  The parties filed a joint scheduling report on August 8, 2007, and filed their selection of a mediator on August 10, 2007. (DE 21 and 23)

On August 24, 2007, counsel for the parties filed a stipulation of dismissal without prejudice. (DE 24) The Court issued an order dismissing the case without prejudice and closed the case. (DE 25)

On November 2, 1009, Mr. Bleecher filed a number of motions seeking to vacate the Order of Dismissal Without Prejudice. He also filed the instant motion for sanctions against the defendant and defendant's counsel.

## II. THE MOTION

A. The Motion

The motion notes that the Court has three sources of authority to impose sanctions: Fed.R.Civ.P. 11, 28 U.S.C. § 1927 and the inherent power of the Court.  Rule 11 sanctions are limited to a review of papers filed with the Court.  Chambers v. Nasco, 501 U.S. 32 (1991).  Mr. Bleecher asserts that when the defendant filed

an answer which contained frivolous affirmative defenses, Rule 11 was violated.

Section 1927 governs those who multiply court proceedings unreasonably and vexatiously.  Mr. Bleecher asserts that counsel for the defendant multiplied proceeding by seeking repeated extensions of time to respond to the complaint.

Mr. Bleecher also seeks sanctions pursuant to the inherent power of the court to sanction bad faith conduct by the parties or their counsel. Mr. Bleecher argues that six actions by the defendant and its counsel demonstrate sufficient bad faith to warrant sanctions.  First, counsel for the defendant filed the Answer to the complaint ten days late.

Second, counsel for the defendant made an offer of judgment to Mr. Bleecher and other opt-in plaintiffs, which required acceptance within ten days.  Mr. Bleecher's counsel submitted his acceptance after the ten-day period for acceptance. Thereafter the offer and the acceptance were never filed with the Court.  However, the defendant paid the amount specified in the Offer of judgment, but without Court supervision of the settlement.

Third, the defendant issued 1099 forms to Mr. Bleecher for attorney's fees the defendant paid to plaintiffs' counsel under a settlement agreement which Mr. Bleecher refused to sign.

Fourth, the defendant's Answer to the Complaint improperly asserted as the Seventeenth Affirmative Defense that the FLSA claim had been waived by the settlement agreement.

Fifth, after initially stating that the defendant wanted to settle Mr. Bleecher's wrongful termination claim, the defendant

ceased settlement negotiations when Mr. Bleecher refused to submit a second demand letter for his Whistleblower claim.  Finally, Mr. Weitzman failed to confer in good faith pursuant to S.D.Fla. R 7.1(a)(3) when contacted by Mr. Bleecher prior to filing the instant motions.[1]

Mr. Bleecher also asserts that the Court was deprived of its jurisdiction to review FLSA settlements for compliance with the statute by counsel's failure to file the Offer of Judgment and Acceptance and failure to file the Settlement Agreement and General Releases. Instead, counsel filed a stipulation for dismissal without prejudice without authorization by Mr. Bleecher.  This allowed the defendant to pay a negotiated amount of attorney's fees and costs to plaintiff's counsel, without Court review for the reasonableness of those fees and costs.

Mr. Bleecher asks the Court to consider the relevant documents which were not presented to the Court.  His affidavit states that on June 18, 2007, plaintiffs' counsel submitted a demand letter to the defendant seeking $1730.40, representing his overtime wages owed of $865.20 and an equal amount of liquidated damages; he affirms that he read this letter. (DE  30 Exh. A., ¶ 20 and 38-2, Exh. 12) On July 12, 2007, Mr. Bleecher sent an e-mail to Scott, discussing the defendant's offer to settle Mr. Bleecher's claims for $300.00. (DE 38-2,Exh 21B)

On August 7, 2007, counsel for the defendant served an Offer of Judgment on Scott, to settle Mr. Bleecher's claim for

---

[1] Mr. Bleecher also alleges matters involving other plaintiffs who do not join in this motion.  These will not be considered by the Court.

$850.00 for his FLSA damages, including liquidated damages, plus reasonable attorney's fees and costs actually incurred. (DE 38-3, Exhibit 28) That same day Scott sent the Offer of Judgment and a letter to Mr. Bleecher, noting that if the offer were not accepted within ten days pursuant to Fed.R.Civ.P. 68, the offer would be deemed rejected and if the defendant were successful in defending the case, Mr. Bleecher would be held financially responsible for the defendant's costs, but not attorney's fees.  However, if the offer were found to be reasonable by the Court, the Court could deny the plaintiff's attorney's fees after the date of the Offer of Judgment. Scott asked for a response from Mr. Bleecher. (DE 38-3, Exh. 29) Mr. Bleecher later returned the letter endorsed "I agree" and signed by him. (Id.)

In August, the defendant presented an Agreement and General Release (Agreement) to each plaintiff. (DE 38-3, Exh. 31) The nine-page Agreement contains 19 paragraphs setting out the conditions for payment of the settlement amount.  Mr. Bleecher's affidavit states that Scott's e-mail presenting the Agreement to the plaintiffs noted that the agreement specifically provides that Mr. Bleecher's other claims will be excepted from the agreement. scott also stated that if the Agreement was signed in lieu of filing the Offer of judgment with the Court, the defendant will pay the agreed amounts and attorney's fees in ten days.  If the plaintiffs want the Offer of Judgment and acceptance filed with the Court, payment will be 30 days thereafter. (DE 38-1, Exh. A, ¶ 39)

Mr. Bleecher's affidavit states that on August 23, 2007, after a discussion with Scott, he did not accept the terms and did

not sign the Agreement. Scott pressured him by telling him that if he would not sign the Agreement, she would have to petition the Court for attorney's fees, and it would be months before she was paid.  However she agreed that he could refuse to sign the Agreement.  He stated that he refused to sign it since it was a voluminous document and he had not been give sufficient time to consider it. (DE 38-1, ¶ 40)  Thereafter Scott sent an e-mail to Mr. Bleecher and to Rochelle Barnett, who also is said not to have singed the Agreement, stating that their Offers of Judgment were accepted and the payment would arrive in 30 days. (DE 38-3, Exh. 32)

Mr. Bleecher's affidavit states that he was not consulted about the stipulation of dismissal without prejudice and did not authorize Scott to file it on his behalf.  On August 28, 2007, he was presented with two checks for his portion of the settlement proceeds. Subsequently, Mr. Bleecher received a 1099 form showing gross proceeds of $1500.00 paid to an attorney, pursuant to the settlement agreement he would not sign.  (<u>Id.</u>, Exhs. 45 and 46, copies (1) for recipient and (2) to be filed with returns).

<u>B. Nightingale's Response</u>

Nightingale Nurses filed a consolidated response to the motion to vacate judgment, motion for evidentiary hearing and motion for sanctions.  The court will consider that portion of the response related to the motion for sanctions.

First, with regard to the  late filing of the answer to the complaint, the response describes the events which caused the late filing. The answer was due July 13, 2007.  On July 10, 2007,

6

the defendant e-mailed Scott stating that the defendant's latest counter-offer was predicated on not incurring unnecessary fees for the defendant, and urged the plaintiffs to respond to the offer. (DE 43, Weitzman's affidavit, ¶ 6) Counsel received the plaintiffs' demand letter that same day, three days before the defendant's response to the complaint was due.  (Id., ¶ 7)  Accordingly, the defendant's counsel began drafting the settlement papers on July 11, 2007, instead of drafting a response to the complaint. (Id., ¶ 8)  However, on July 19, counsel received an e-mail from Scott saying that the clients had reneged on the settlement. (Id. § 9; DE 43-3)  Accordingly, on July 20, counsel drafted Nightingale's Answer and Affirmative Defenses and filed it on Monday, July 23, 2007). (DE 43, ¶ 10)  The defendant asserts that  it has shown good cause for the late filing of the answer.

Second, parties may stipulate to extending the time for accepting an offer of judgment. The defendants note that Mr. Bleecher accepted and deposited a check for $850.00 received from Nightingale pursuant to the Offer of Judgment.

Third, the defendant issued the 1099 forms to Mr. Bleecher because it is required by law to do so.

Fourth, the defendants note that the plaintiff did not file a motion to strike the affirmative defenses during the litigation of the case.  The affirmative defenses cannot suddenly become the basis for sanctions two years after the case was closed when the plaintiff failed to challenge them during the litigation.

Fifth, the defendants assert that cessation of settlement negotiations on the Whistleblower claim are not relevant to the FLSA claim which is the only claim before the Court.

Sixth, S.D.Fla.R. 7.1(a)(3) requires counsel for the movant to make a reasonable effort to confer with all parties which may be affected by the relief sought. It does not require opposing counsel to do so.  However, Mr. Weitzman did respond to Mr. Bleecher's letter of conferral.  He asserts that the Court should not impose sanctions because Mr. Bleecher was not satisfied with the response.

## C. Mr. Bleecher's Reply

Mr. Bleecher's reply contends that Nightingale, Weitzman and Scott engaged in bad faith litigation, stalling the case for months under the guise of settlement talks. As an example, he notes that the parties filed a joint scheduling report, wasting valuable judicial resources. The bad faith continued when the defendant did not file the offer of judgment, did not file the settlement agreements and instead agreed to file a stipulation of dismissal without prejudice.  Bleecher also asserts that a case cannot be dismissed without prejudice since the FLSA resolutions "are not settlements." (DE 49, p. 10)[2]

The reply also states that the Court has the power to impose sanctions long after the case is commenced, once new evidence comes to light.  Finally, Mr. Bleecher states that Weitzman's

---

[2] This assertion is confusing in light of the argument Mr. Bleecher is trying to make.

evasive answer to the Rule 7.19a)(3) letter is more evidence of bad faith.

### III. RECOMMENDATIONS OF LAW

A. Rule 11

Fed.R.Civ.P. 11 governs the signing of pleadings, motions and other papers filed with the Court.  The rule provides that a party must first give the opposing party a 21-day opportunity to respond to the Rule 11 motion, and then must file the motion separately from all other motions.  Mr. Bleecher has not complied with either of these requirements.

Mr. Bleecher asserts that the defendant and defendant's counsel violated Rule 11 by filing frivolous affirmative defenses. Morrison v. Executive Aircraft refinishing, Inc., 434 F.Supp.2d 1314 (S.D.Fla. 2005);  Anchor Hocking Corp. v. Jacksonville Electric Authority, 419 F.Supp. 992, 1000 (M.D.Fla. 1976).

The court finds these cases discuss the striking of frivolous or non-meritorious affirmative defenses.  Neither case discusses Rule 11 sanctions for filing frivolous affirmative defenses.  Mr. Bleecher did not seek to strike the affirmative defenses during the litigation.  The Court will not impose Rule 11 sanctions two years after the case was closed because Mr. Bleecher chooses to challenge these affirmative defenses now.

B. 28 U.S.C. § 1927

This statute provides that any counsel who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such

conduct." Mr. Bleecher asserts that the defendant sought repeated extensions of time to respond to the complaint and then still filed an untimely response.

The Court notes that the documents provided by Mr. Bleecher demonstrate that the parties were engaged in settlement discussions during this time, which ultimately led to resolution of the case. Mr. Bleecher has presented no legal authority for imposing § 1927 sanctions for ten weeks of negotiations leading to the resolution of the plaintiffs' claims. The Court finds that this does not constitute unreasonable or vexatious multiplication of the proceedings.

C. The Inherent Power of the Court

The crux of Mr. Bleecher's motion is that the defendant and its counsel, by negotiating settlements with the plaintiffs, but then stipulating to a dismissal without prejudice, improperly led the Court to enter into a judgment which is void owing to public policy against compromise and release of liquidated damages under the FLSA. Lynn Food Stores v. Dept. of Labor, 679 F.2d 1350 (11th Cir. 1982); Silva v. Miller, 349 Fed.Appx. 349, 2009 WL 73164 (11th Cir. 2009). Both cases involved settlement agreements in cases wherein the parties asked the court to dismiss the case with prejudice, based on the agreements by the parties. In each case, the Court rejected this argument, and scrutinized the settlement agreements for compliance with the FLSA.

However, as Scott and the defendant point out, there is no public policy requiring court scrutiny of the circumstances surrounding dismissal without prejudice of a FLSA case. Perez-Nunez

v. North Broward Hospital District, 609 F.Supp.2d 1319, 1320-21 (S.D.Fla. 2009), quoting, Kerr v. Powerplay Arcade, Inc., 2007 WL 3307091 at *1 (M.D.Fla. 2007)("where [a] 'case is being dismissed without prejudice, there will be no final adjudication on the merits,' and no settlement or resolution of FLSA claims for the court to review for fairness.

Mr. Bleecher argues that he did not consent to have his claim dismissed without prejudice, citing Toscano v. C.I.R., 441 F.2d 930, 933 (9th cir. 1971), and Mckinney v. Boyd, 604 F.2d 632, 634 (9th cir. 1968). Each of these cases was dismissed with prejudice after counsel for one of the parties falsely informed the court that the party had consented to the dismissal. The appellate courts allowed the cases to be reopened because that was the only way to provide a day in court for the party who had not consented to the dismissal with prejudice.

In the instant case, the court finds that the dismissal without prejudice allowed Mr. Bleecher to retain the ability to "have his day in court." He could have re-filed his case if he were unhappy with the result. He did not do so, even when he received the 1099 form from the defendant six months after the case was dismissed.

The Court finds that Mr. Bleecher's other reasons to impose sanctions - the extension of the time to accept the offer of judgment, the 1099 forms, the refusal to negotiate the wrongful termination claim and the failure to respond fully to the Rule 7.1(a)(3) letter - do not rise to the level of improper conduct which require the imposition of sanctions.

IV. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the Court DENY Plaintiff's Motion for Order of Sanctions against Nightingale Nurses A Florida L.L.C. and Allan H. Weitzman, Esq. Pursuant to this Court's Inherent Powers (Docket Entry 29).

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 10th day of September, 2010.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of Record
Mr. Heath Bleecher, pro se