UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80378-Civ-DIMITROULEAS/SNOW

HEATH BLEECHER on behalf of
all others similarly situated,

       Plaintiff,

v.

NIGHTINGALE NURSES, LLC.,

       Defendant.
_____/

### REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Plaintiff's Motion for Order of Sanctions against Cathleen Scott, Esq. and Cathleen Scott P.A. Pursuant to this Court's Inherent Powers (Docket Entry 33), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.

### I. PROCEDURAL HISTORY

The complaint was filed May 1, 2007, by Heath Bleecher on behalf of all others similarly situated, alleging violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207, et seq., for failure to pay overtime wages. On May 9, 2007, plaintiff's counsel filed consent to join forms signed by Scott Span and Ginger Minkin. (DE 4 and 5)

Service of process was effected on May 8, 2007. (DE 10) On May 29, 2010, the defendant filed an unopposed motion for a twenty-day extension of time to respond to the complaint, stating that the parties were discussing resolution of the matter. (DE 11)

The motion was granted. (DE 12) On June 14, 2007, plaintiffs' counsel filed a consent to join form on behalf of Tyneshia Barnett. (DE 16). On June 22, 2010, a consent to join form was filed on behalf of Steve Limage. (DE 16)  A consent to join form was filed on behalf of Tara Ramsey on July 27, 2007. (DE 20)

The Court granted two additional unopposed motions for an extension of time to respond to the complaint in order to continue settlement talks. (DE 15 and 18)  The latter order set the deadline for a response to the complaint on July 13, 2007.  The answer to the complaint was filed July 23, 2007. (DE 19)  The parties filed a joint scheduling report on August 8, 2007, and filed their selection of a mediator on August 10, 2007. (DE 21 and 23)

On August 24, 2007, counsel for the parties filed a stipulation of dismissal without prejudice. (DE 24) The Court issued an order dismissing the case without prejudice and closed the case. (DE 25)

On November 2, 1009, Mr. Bleecher filed a number of motions seeking to vacate the Order of Dismissal Without Prejudice. He also filed the instant motion for sanctions against plaintiff's counsel.

## II. THE MOTION

A. The Motion

The motion notes that the Court has three sources of authority to impose sanctions: Fed.R.Civ.P. 11, 28 U.S.C. § 1927 and the inherent power of the Court.  Rule 11 sanctions are limited to a review of papers filed with the Court.  Chambers v. Nasco, 501

U.S. 32 (1991). Mr. Bleecher asserts that when his counsel filed the stipulation for dismissal without prejudice on behalf of Mr. Bleecher without his authorization, Rule 11 was violated.

Section 1927 governs those who multiply court proceedings unreasonably and vexatiously. Mr. Bleecher asserts that his counsel filed a joint scheduling report solely to increase the attorney's fees in the case, wasting valuable court time and resources.

Mr. Bleecher lists seven of examples which he contends warrant sanctions by the Court. First, Scott filed a stipulation for dismissal without prejudice without informing Mr. Bleecher or obtaining his authorization to do so. Mr. Bleecher asserts that the Court was deprived of its jurisdiction to review FLSA settlements for compliance with the statute by counsel's failure to file the Offer of Judgment and Acceptance and failure to file the Settlement Agreement and General Releases. This allowed the defendant to pay a negotiated amount of attorney's fees and costs to plaintiff's counsel, without Court review for the reasonableness of those fees and costs.

Second, Scott allowed the defendant to draft a settlement agreement which hampered any attempts by Mr. Bleecher to present his Whistleblower claims in state court.

Third, Scott failed to file Mr. Bleecher's acceptance of the offer of judgment, which would have triggered the court's scrutiny of the attorney's fees and costs award.

Fourth, Scott failed to conduct good faith settlement discussions before filing the instant complaint, as evidenced by a settlement made with another prospective plaintiff.

Fifth, Scott allowed the defendant numerous extensions of time to respond to the complaint, and then did not object when the response was still filed ten days late, thus multiplying the litigation in bad faith.[1]

Sixth Scott, without authorization, allowed the defendant to place a tax liability on Mr. Bleecher, pursuant to the settlement agreement which he did not sign.

Seventh, by employing the dismissal without prejudice, Scott avoided having Court scrutiny of her legal fees in this case.

Mr. Bleecher asserts that since Nightingale paid Scott's attorney's fees, he "has no recourse to receive his attorney's fees in a court ordered sanction in this case," so instead he asks that the Court make a finding of criminal contempt and order that a fine be paid into the registry of the Court.[2] (DE 34, p. 18)

---

[1] Mr. Bleecher also asserts that his Whistleblower claim was unreasonably multiplied during the litigation, by references to it in the settlement agreement which Mr. Bleecher did not accept. Since Mr. Bleecher insisted that the FLSA claim should not hamper his Whistleblower claim, since he did not accept the agreement which attempted to include those assurances and since the Whistleblower claim is not before this Court, the court will not consider this argument.

[2] As Mr. Bleecher's reply notes, Scott's response incorrectly interprets this as a request that she return to him the attorney's fees paid by the defendant.

4

Mr. Bleecher asks the Court to consider the relevant documents which were not presented to the Court. His affidavit states that on June 18, 2007, plaintiffs' counsel submitted a demand letter to the defendant seeking $1730.40, representing his overtime wages owed of $865.20 and an equal amount of liquidated damages; he affirms that he read this letter. (DE 30 Exh. A., ¶ 20 and 38-2, Exh. 12) On July 12, 2007, Mr. Bleecher sent an e-mail to Scott, discussing the defendant's offer to settle Mr. Bleecher's claims for $300.00. (DE 38-2,Exh 21B)

On August 7, 2007, counsel for the defendant served an Offer of Judgment on Scott, to settle Mr. Bleecher's claim for $850.00 for his FLSA damages, including liquidated damages, plus reasonable attorney's fees and costs actually incurred. (DE 38-3, Exhibit 28) That same day Scott sent the Offer of Judgment and a letter to Mr. Bleecher, noting that if the offer were not accepted within ten days pursuant to Fed.R.Civ.P. 68, the offer would be deemed rejected and if the defendant were successful in defending the case, Mr. Bleecher would be held financially responsible for the defendant's costs, but not attorney's fees. However, if the offer were found to be reasonable by the Court, the Court could deny the plaintiff's attorney's fees after the date of the Offer of Judgment. Scott asked for a response from Mr. Bleecher. (DE 38-3, Exh. 29) Mr. Bleecher returned the letter endorsed "I agree" and signed by him. (Id.)

In August, the defendant presented an Agreement and General Release (Agreement) to each plaintiff. (DE 38-3, Exh. 31)

The nine-page Agreement contains 19 paragraphs setting out the conditions for payment of the settlement amount.  Mr. Bleecher's affidavit states that Scott's e-mail presenting the Agreement to the plaintiffs noted that the agreement specifically provides that Mr. Bleecher's other claims will be excepted from the agreement. It also states that if the Agreement is signed in lieu of filing the Offer of judgment with the Court, the defendant will pay the agreed amounts and attorney's fees in ten days.  If the plaintiffs want the Offer of Judgment and acceptance filed with the Court, payment will be 30 days thereafter. (DE 38-1, Exh. A, ¶ 39)

  Mr. Bleecher's affidavit states that on August 23, 2007, after a discussion with Scott, he did not accept the terms of the settlement agreement and did not sign the Agreement. Scott pressured him by telling him that if he would not sign the Agreement, she would have to petition the Court for attorney's fees, and it would be months before she was paid.  However she agreed that he could refuse to sign the Agreement.  He stated that he refused to sign it since it was a voluminous document and he had not been give sufficient time to consider it. (DE 38-1, ¶ 40) Thereafter Scott sent an e-mail to Mr. Bleecher and to Rochelle Barnett, who also is said not to have signed the Agreement, stating that their Offers of Judgment were accepted and the payment would arrive in 30 days. (DE 38-3, Exh. 32)

  Mr. Bleecher's affidavit states that he was not consulted about the stipulation of dismissal without prejudice and did not authorize Scott to file it on his behalf.  On August 28, 2007, he

6

was presented with two checks for his portion of the settlement proceeds. Subsequently, Mr. Bleecher received a 1099 form showing gross proceeds of $1500.00 paid to an attorney.  (Id. Exhs. 45 and 46, copies (1) for recipient and (2) to be filed with returns)

B. Scott's Response to the Motion for Sanctions

Scott filed a consolidated response to all of Mr. Bleecher's motions. The Court will consider that portion of the response which addresses the motion for sanctions. Scott asserts that Mr. Bleecher cannot seek sanctions pursuant to Rule 11, since he failed to serve opposing counsel with a copy of the motion 21 days prior to filing it, as required by Rule 11(c)(2).  Moreover, Rule 11 is concerned with pleadings, motions or other papers filed with the Court.  Scott argues that Mr. Bleecher has failed to show that she signed anything in bad faith.  The stipulation of dismissal was based on his acceptance of the offer of judgment. The defendant paid the amount Mr. Bleecher agreed to and Mr. Bleecher accepted the payment.  The two year delay in objecting to the settlement because Mr. Bleecher believes that he must vacate the dismissal in order to pursue his Whistleblower claim in state court is not evidence of bad faith by Scott.

The response also asserts that sanctions are not proper under 28 U.S.C. § 1927, which addresses the situation where counsel unreasonably and vexatiously multiplied the proceedings. Scott points out that the case was settled within months of being filed. Clearly the case was resolved quickly.

Finally, Scott asserts that the list complaints about the filing of the Stipulation for dismissal without prejudice, the tax consequences of the defendant's payment of her attorney's fee, the filing of the joint scheduling report, the failure to immediately file the acceptance of the offer of judgment, and the failure to obtain court approval of the settlement amount and the amount of attorney's fees alone or together do not support imposition of sanctions.

C. Mr. Bleecher's Reply

Mr. Bleecher asserts that Scott cannot rely on case law which allows the court to dismiss a case without prejudice, and thus avoid court scrutiny of the underlying documents, because the cases Scott relies on were decided after the events at issue. He also asserts that the Court should have scrutinized the settlement agreement which he refused to sign. He contends that Scott's actions constitute fraud on the court.[3]

III. RECOMMENDATIONS OF LAW

A. Rule 11

Fed.R.Civ.P. 11 governs the signing of pleadings, motions and other papers filed with the Court.  The rule provides that a party must first give the opposing party a 21-day opportunity to respond to the Rule 11 motion, and then must file the motion separately from all other motions.  Mr. Bleecher did not address

---

[3] A large part of the reply discusses the Mr. Bleecher's Whistleblower claims, which are not before the Court.

this argument.  The Court finds that Mr. Bleecher has not complied with either of these requirements.

Mr. Bleecher asserts that Scott violated Rule 11 by filing a stipulation which Mr. Bleecher had not authorized.  Scott asserts that no pleading was filed in bad faith.  The stipulation of dismissal was based on Mr. Bleecher's acceptance of the Offer of Judgment and also preserved his Whistleblower claim.  The Court finds that Mr. Bleecher has not demonstrated that the stipulation for dismissal without prejudice was filed in violation of Rule 11.

Accordingly, the Court finds that the motion for Rule 11 sanctions is procedurally barred and lacks merit.

B. 28 U.S.C. § 1927

This statute provides that any counsel who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct."  Mr. Bleecher asserts that Scott filed a joint scheduling report to inflate her legal fees.  As Scott correctly points out, the court ordered her to file that report and she was merely complying with that Order.

Mr. Bleecher asserts that Scott waited until after the lawsuit was filed to prepare a demand letter, so that she could collect legal fees for the letter.  The Court does not find that a demand letter sent during negotiations can be the basis for finding that counsel was an attempt to multiply the proceedings.

9

Mr. Bleecher also asserts that when Scott explained the ramifications of the offer of judgment and the settlement agreement, her version of the alternatives amounted to extortion. Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332 (11th cir. 2002)(imposing sanctions for sending letters threatening class action litigation to extort settlements from the defendants). The Court has reviewed Scott's letter explaining the offer of judgment, and Mr. Bleecher's affidavit discussing the settlement agreement, and finds that these do not constitute extortion.

The Court finds that Mr. Bleecher has not provided any basis for the imposition of § 1927 sanctions.

C. The Inherent Power of the Court

The crux of Mr. Bleecher's motion is that Scott, by negotiating settlements with the defendant, but then stipulating to a dismissal without prejudice, improperly led the Court to enter into a judgment which is void owing to public policy against compromise and release of liquidated damages under the FLSA. Lynn Food Stores v. Dept. of Labor, 679 F.2d 1350 (11th Cir. 1982); Silva v. Miller, 349 Fed.Appx. 349, 2009 WL 73164 (11th Cir. 2009). Both cases involved settlement agreements in cases wherein the parties asked the court to dismiss the case with prejudice, based on agreements entered into by the parties. The Court rejected this argument, and scrutinized the settlement agreements for compliance with the FLSA.

However, as Scott and the defendant point out, there is no public policy requiring court scrutiny of the circumstances

10

surrounding dismissal without prejudice of a FLSA case. <u>Perez-Nunez v. North Broward Hospital District</u>, 609 F.Supp.2d 1319, 1320-21 (S.D.Fla. 2009), quoting, <u>Kerr v. Powerplay Arcade, Inc.</u>, 2007 WL 3307091 at *1 (M.D.Fla. 2007)("where [a] 'case is being dismissed without prejudice, there will be no final adjudication on the merits,' and no settlement or resolution of FLSA claims for the court to review for fairness.")

Mr. Bleecher argues that he did not consent to have his claim dismissed without prejudice, citing <u>Toscano v. C.I.R.</u>, 441 f.2d 930, 933 (9th Cir. 1971), and <u>McKinney v. Boyd</u>, 604 F.2d 632, 634 (9th Cir. 1968). Each of these cases was dismissed with prejudice after counsel for one of the parties falsely informed the court that the party had consented to the dismissal. The appellate courts allowed the cases to be reopened because that was the only way to provide a day in court for the party who had not consented to the dismissal with prejudice.

In the instant case, the Court finds that the dismissal without prejudice allowed Mr. Bleecher to re-file his case if he were unhappy with the result. He retained the ability to "have his day in court." He did not do so, even when he received the 1009 from the defendant six months after the case was dismissed.

Mr. Bleecher challenges the settlement agreement as hampering his ability to pursue his Whistleblower claim in state court. However, he did not sign that agreement, after Scott told him that his Whistleblower claim was preserved if he did not sign

11

the settlement agreement.  Mr. Bleecher has not demonstrated how an agreement he did not sign bars his Whistleblower claim.

Mr. Bleecher challenges Scott's failure to file his acceptance of the Offer of Judgment.  Scott notes that Mr. Bleecher did not sign the acceptance until more than ten days after the offer was made, and that she conveyed the acceptance to the defendant immediately.

The court finds that Mr. Bleecher challenges Scott's failure to file the acceptance, not her failure to convey the acceptance to the defendant.  However, at the time Mr. Bleecher signed the acceptance, he was also considering the settlement agreement, which had different terms.  When he rejected the settlement offer, Scott filed the stipulation for dismissal without prejudice, which resulted in his receipt of the amount agreed to in the offer of judgment and also preserved the Whistleblower claim and any other FLSA claim Mr. Bleecher might have had.

Next Mr. Bleecher asserts that Scott did not conduct good faith settlement talks before filing the complaint.  Scott correctly points out that this assertion relates to Mr. Span, a person who has not joined Mr. Bleecher in these motions, and is not relevant.  The Court agrees.

Mr. Bleecher objects to Scott's lack of opposition to the numerous defendant's motions for an extension of time to respond to the complaint.  Scott explains that the ten-week delay was used to negotiate a resolution of the claims, which is not an unreasonable time.  The record supports this conclusion.

Mr. Bleecher asserts that Scott allowed the defendant to impose a tax liability on him by the terms of the settlement agreement which he did not sign.  The Court finds that since Mr. Bleecher did not sign the settlement agreement, and because the 1099 forms are required when a defendant pays legal fees, this cannot be the basis to sanction Scott.

Finally, Mr. Bleecher asserts that the major focus of Scott's representation was to avoid having to present her request for legal fees for Court scrutiny.  For this, Mr. Bleecher seeks a finding of criminal contempt. <u>United States v. McCorkle</u>, 321 F.3d 1291 (11th Cir. 2003)( civil contempt seeks to coerce a party to comply with the court's orders; criminal contempt is a crime requiring the institution of criminal proceedings).  The Court finds that Mr. Bleecher has not provided any basis for the institution of criminal proceedings against Scott.

Accordingly, Mr. Bleecher has not provided any basis for the court to exercise its inherent authority by sanctioning Scott.

<u>IV. CONCLUSION</u>

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the Court DENY Plaintiff's Motion for Order of Sanctions against Cathleen Scott, Esq. and Cathleen Scott P.A. Pursuant to this Court's Inherent Powers (Docket Entry 33).

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The

Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 10th day of September, 2010.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All Counsel of Record
Mr. Heath Bleecher, pro se